UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                      :
VDPP, LLC,                                                            :
                                                                      :
                                     Plaintiff,                       :
                                                                      :               25-CV-9243 (JMF)
                    -v-                                               :
                                                                      :           MEMORANDUM OPINION
OLYMPUS AMERICA INC.,                                                 :                 AND ORDER
                                                                      :
                                     Defendant.                       :
                                                                      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On March 3, 2026, Defendant Olympus America Inc. ("Olympus") filed a letter motion, ECF No. 20, notifying the Court that attorney William P. Ramey, III, appeared to be acting as counsel for Plaintiff VDPP, LLC ("VDPP") without filing an appearance before the Court or seeking admission *pro hac vice* ("PHV") in violation of the Court's Individual Rules and the District's Local Rules. It noted that Ramey had been disciplined for similar behavior in prior cases, *id.* at 3-4, and requested a stay of all deadlines in the case until Ramey filed a PHV motion. The Court directed VDPP to file a response no later than March 6, 2026. *See* ECF No. 21. Later that day, Ramey filed a PHV motion, ECF No. 22, followed shortly thereafter by an amended motion, ECF No 23. Pursuant to Local Rule 1.3, Ramey filed an affidavit with the Court attesting that he had previously been denied PHV admission in two cases, been found in contempt of court in another case, and was sanctioned in yet another case. *See* ECF No. 23-3. Olympus filed a response, ECF No. 24, pointing out verifiable falsehoods in Ramey's affidavit. Specifically, it noted that he had been denied PHV admission in at least one additional case, *id.* at 2, and sanctioned in at least one additional case as well, *id.* at 3.[1] VDPP's responsive filing provided some additional context to

---

[1]    Magistrate Judge Figueredo sanctioned Ramey pursuant to 28 USC § 1927. *See EscapeX*

Ramey's denied PHV motions and sanctionable conduct and argued that Defendant's requested stay was both unwarranted and overly broad.  *See* ECF No. 26.  Thereafter, Ramey filed a *third* PHV motion with a sworn affidavit listing two additional cases in which he was denied PHV admission and restating that he had been sanctioned only in two cases, both of which were on appeal.  *See* ECF No. 28-1.

Upon due consideration of the relevant filings and for the reasons that follow, Ramey's twice amended motion for admission *pro hac vice* is DENIED and Olympus's request for a stay of all deadlines is also DENIED.  "Admission *pro hac vice* is not a right but a privilege, the granting of which rests in the sound discretion of the presiding judge." *Sedona Corp. v. Ladenburg Thalmann & Co.*, No. 03-CV-3120 (KMW) (THK), 2003 WL 22339357, at *3 (S.D.N.Y. Oct. 14, 2003) (internal quotation marks omitted).  "A false statement in an attorney's motion for admission *pro hac vice* presents one such occasion for denial of the motion." *Ascento Capital, LLC v. Filipiak*, No. 24-CV-6392 (AT) (GS), 2024 WL 4536667, at *2 (S.D.N.Y. Sept. 30, 2024); *see id.* (collecting cases denying *pro hac vice* admission based on falsehoods in applications).  Ramey's March 3, 2026 PHV application and sworn affidavit contained multiple falsehoods: It misstated the number of cases in which he had been previously denied PHV admission and misstated the number of cases in which he had been sanctioned.  The Court would have been on firm ground denying his PHV motion based on that lack of candor alone.  That said, the Court might have given Ramey a pass had

---

*IP, LLC v. Google LLC*, No. 23-CV-10839 (VSB) (VF), 2025 WL 893739, at *12 (S.D.N.Y. Mar. 24, 2025).  Olympus's response claims that Ramey was sanctioned in two additional cases — *AML IP, LLC v. Aero Glob.*, LLC, No. 23-CV-11264 (DEH), 2025 WL 2673691, at *4 (S.D.N.Y. Sept. 18, 2025), and *Linfo IP, LLC v. Aero Global, LLC*, No. 24-CV-2952 (JPO), 2025 WL 2924439, at *5 (S.D.N.Y. Oct. 15, 2025).  In those cases, however, Ramey was directed to pay attorneys' fees to the prevailing party pursuant to a provision of the Patent Act authorizing fee shifting, 35 U.S.C. § 285.  The Supreme Court, however, has made clear that "sanctionable conduct is not the appropriate benchmark" for determining whether those fees under that provision are warranted. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014).  Thus, those cases are arguably not examples of cases in which Ramey was sanctioned.

he succeeded — on his third try and with the aid of Olympus's road map — in making a full disclosure. But bafflingly, even when his falsehoods were brought to his attention in Olympus's response, he cured only the falsehoods regarding his PHV motion denials and failed to acknowledge that he had been sanctioned in an additional case in this District. *See EscapeX IP, LLC v. Google LLC*, No. 23-CV-10839 (VSB) (VF), 2025 WL 893739, at *12 (S.D.N.Y. Mar. 24, 2025). Put simply, Ramey's inconsistency and lack of candor, not to mention his history of similar behavior before other courts, gives the Court little confidence that future filings from him will be more forthcoming. *See AML IP, LLC v. Aero Glob., LLC*, No. 23-CV-11264 (DEH), 2025 WL 2673691, at *5 (S.D.N.Y. Sept. 18, 2025) (noting Ramey's pattern of failing to make or greatly delaying PHV applications). Accordingly, his motion for admission *pro hac vice* is DENIED.

Given the Court's denial of Ramey's PHV application, Olympus's request to "stay all deadlines in this case until such time as Ramey files a pro hac vice motion that is fully compliant with this Court's rules," ECF No. 24, at 3, is arguably moot. But in any case, imposing a stay is not warranted as VDPP is already represented by counsel of record duly admitted in this District who has managed the case until this point. The Court sees no reason — and Olympus does not provide one — why he cannot continue to do so, mindful that he and only he must stand by any filings and representations that are made in the course of litigating the case. Accordingly, Olympus's request for a stay of all deadlines is DENIED.

In sum, both parties' motions are DENIED. The Clerk of Court is directed to terminate ECF Nos. 20, 22, 23, and 28. All other deadlines and scheduled conferences remain in effect.

SO ORDERED.

Dated: March 11, 2026
    New York, New York

                                 JESSE M. FURMAN
                                United States District Judge

3